United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH EVERETT JOHNSON, JR.,   No. C 05-2258 SI (pr)

    Plaintiff,   **ORDER OF SERVICE**

    v.

Deputy HENSEL; et al.,

    Defendants.
                                    /

**INTRODUCTION**

    Joseph Everett Johnson, Jr., apparently a pretrial detainee at the San Mateo County Jail in Redwood City, California, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

**BACKGROUND**

    Johnson alleges the following about his conditions of confinement at the San Mateo County Jail. On April 4, 2005, deputy Hensel uttered a racial slur against Johnson and his cellmate during the course of an argument. Shortly thereafter, Johnson's cellmate was extracted from the cell and moved to another cell. Several minutes later, Johnson asked deputy Hensel for a grievance form to file a grievance about the "verbal assault." Complaint, Attachment, p. 3.

Although his request was initially refused, Johnson was given a grievance form an hour later. Later that day, Johnson was moved to another cell in a less desirable part of the jail by deputy Hensel and deputy Passmore. Johnson filed a grievance about deputy Hensel and deputy Passmore. Johnson complained to a classification officer who oversees all inmate movement within the county jail; the officer told Johnson he should have been moved to another program dormitory rather than 3-East and he would be moved there as soon as possible. Johnson was moved to the program dormitory on April 7, 2005.

On April 20, 2005, sergeant Southward told Johnson that he had talked to his deputies and believed that the inmate grievance Johnson filed was a lie. Later that day, a classification representative told Johnson that sergeant Southward was very upset that Johnson and his former cellmate, Charles Brooks, were once again cellmates and therefore Johnson was going to be moved again. On April 21, 2005, Johnson was moved to 5-East. Deputy Hensel worked in that cell area. Deputy Hensel made derogatory comments concerning Johnson's April 5 inmate grievance and has otherwise repeatedly harassed him.

Johnson claims he was subjected to a retaliatory transfer to less desirable housing after he began the process of filing an administrative grievance. He also claims that the failure of defendants Southward and Schumaker to take disciplinary and/or administrative actions against deputy Hensel and deputy Passmore to curb their misbehavior also makes them liable for the constitutional violations. He further alleges that on April 28, 2005, Johnson was taken to the booking area and was interrogated, intimidated and threatened by sergeant Schumaker, who asked him multiple times to change his statement in his April 5 grievance, threatened him with criminal charges, and reminded him that it was two months until his pending criminal trial and that his existence could be made unpleasant until then. These comments allegedly were made in retaliation for his grievances. Sergeant Southward stood by and did not stop sergeant Schumaker. Schumaker stated that the jail staff had intercepted a kite from Johnson's cellmate, Charles Brooks, that indicated they were planning to make false charges against deputies. Johnson filed a grievance about the April 28 incident.

2

Johnson also alleges that "San Mateo County Jail officials have conspired to place him in direct contact with deputy Hensel on an ongoing basis." Complaint, p. 5. He further alleges that this amounted to "deliberate indifference," although he does not identify to what the actor was deliberately indifferent. Id.

## DISCUSSION

A. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. The Claims

1. Verbal Harassment

The racial slur uttered by deputy Hensel that allegedly started all the problems described in the complaint is not actionable in a section 1983 action. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive

3

comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners). The verbal harassment claim is dismissed without leave to amend.

2.   Access To The Courts

Johnson alleges that he has been denied access to the courts based on the failure of jail officials to return his April 5, 2005 grievance. He alleges that he filed the grievance to "exhaust his administrative remedies prior to seeking judicial relief in this court." Complaint, p. 3. This claim must be dismissed because Johnson has not yet suffered an actual injury as a result of the alleged interference with his right of access to the courts.

A constitutional right of access to the courts does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

Here, no actual injury has occurred. Johnson's complaint has been filed and has not yet

been dismissed due to any failure to exhaust his administrative remedies. His cause of action for denial of access to the courts will not arise unless and until this action is dismissed due to his delay in filing this action (a rather unlikely event in light of the fact that this action was filed less than two months after the alleged misconduct) or due to the failure to exhaust administrative remedies. Even if this action is dismissed for failure to exhaust administrative remedies, it is not clear that a cause of action for denial of access to the courts will arise, as Johnson may not have given the grievance process sufficient time to work. The claim for denial of access to the courts is dismissed without prejudice to Johnson asserting the claim in a new action if the defendants' refusal to process the grievance ever results in an actual injury.

3.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (same). Retaliation is actionable in a Section 1983 claim not because there is text in the constitution protecting against retaliation, but because retaliation can chill the exercise of First Amendment rights.

Liberally construed, the allegations of the complaint are sufficient to state a § 1983 claim for relief against deputy Hensel, deputy Passmore, sergeant Schumaker and sergeant Southward for retaliating against Johnson for his inmate grievance activity.

### 4. Other Issues In Complaint

Johnson's complaint also alleges that he was subjected to a conspiracy to put him in a housing situation where he would encounter deputy Hensel. That kind of conspiracy, assuming it exists, is not actionable under § 1983, or under any other civil rights statutes.

Johnson further alleges that defendants engaged in "deliberate indifference" by placing him with deputy Hensel after the racial slur. He also claims defendant had a duty to take action against a misbehaving guard. The allegations under the "deliberate indifference" heading in the complaint do not state a claim for relief under § 1983. Deliberate indifference is not a separate claim for relief. Generally, the phrase "deliberate indifference" most commonly is used in § 1983 litigation to refer to the state of mind necessary in certain Eighth Amendment claims, e.g., deliberate indifference to an inmate's serious medical needs or to his safety, but that does not appear to be what Johnson is alleging.

Finally, Johnson has not state a claim against the county or the county sheriff, both of whom apparently were included as defendants because they are ultimately in charge and employed the jail personnel who violated Johnson's rights. Such a theory of liability would be respondeat superior liability, i.e., liability simply because they have employed the wrongdoers, but that is not allowed under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 for retaliation by deputy Hensel, deputy Passmore, sergeant Schumaker and sergeant Southward. All other defendants and all other claims are dismissed without leave to amend.

2. The clerk shall issue a summons and the United States Marshal shall serve, without

6

prepayment of fees, the summons, a copy of the complaint, a copy of this order, and a copy of all the other documents in the case file upon the following four persons, all of whom apparently are employed by the county sheriff at the San Mateo County Jail in Redwood City, California: deputy Hensel, deputy Passmore, sergeant Schumaker, and sergeant Southward

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 1, 2005**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 6, 2006**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 20, 2006.**

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

7

counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 27___, 2005        _____
                                    SUSAN ILLSTON
                                    United States District Judge