```
\
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EVERETT JOHNSON, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>Deputy HENSEL; et al.,<br><br>    Defendants.<br>_____/ | No. C 05-2258 SI (pr)<br><br>**ORDER DENYING MOTIONS TO DISMISS AND FOR JURY TRIAL AND SETTING BRIEFING SCHEDULE** |

    Joseph Everett Johnson, Jr. filed this pro se civil rights action under 42 U.S.C. § 1983, concerning incidents that occurred while he was incarcerated at the Santa Clara County Jail. Defendants now move to dismiss on the grounds that (a) Johnson has not exhausted administrative remedies for his claim concerning events on April 21, 2005, and (b) has not stated a claim for relief for retaliation based on the events on April 5 and April 28, 2005. Plaintiff opposes the motion.

    Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); NL Ind., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. Id.

    Defendants argue that the retaliation claim concerning the April 21, 2005 incident must be dismissed because administrative remedies were not exhausted before this action was filed. A Rule 12(b)(6) motion is the wrong vehicle to make such an argument. A prisoner's failure to exhaust administrative remedies is a matter in abatement. A defendant has the burden of raising

and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003). The proper way to establish nonexhaustion is by an unenumerated Rule 12(b) motion rather than in a motion for summary judgment or Rule 12(b)(6) motion. See id. Defendants' motion also fails because defendants have not provided sufficient information about the existence and operation of an administrative appeal system in the Santa Clara County Jail so that the court could determine that the inmate exhausted the remedies available in that system.[1] This evidentiary deficiency highlights why a Rule 12(b)(6) motion is not the right vehicle to raise the argument: defendants must rely on matters outside the pleadings and go beyond the allegations of the complaint to prove the existence and operation of the inmate appeal system.

Defendants also argue dismissal is required because Johnson does not state a § 1983 claim for relief for retaliation with respect to the incidents on April 5 and April 28, 2005 in that he does not allege a sufficient chilling effect or lack of a legitimate correctional goal to support a retaliation claim for those incidents. The court disagrees. A retaliation claim does not require a plaintiff to "demonstrate a total chilling of his First Amendment rights;" a plaintiff may state a claim if the official's acts are of the sort that would chill or silence a person from future First Amendment activities. See Rhodes v. Robinson, 408 F.3d 559, 568-69 (9th Cir. 2005). According to the complaint, Johnson received an involuntary transfer to more unpleasant quarters on April 5 and was threatened with criminal prosecution and possible harm on April 28, 2005 by sergeant Schumaker while sergeant Southward was present. It cannot be said that Johnson can prove no set of facts which would entitle him to relief consistent with the allegations of the complaint. At this point, the court merely considers the sufficiency of the allegations of the complaint and in doing so, gives the pro se complaint the liberal construction

---

[1] While the court can consult the California Code of Regulations to determine how the California Department of Corrections & Rehabilitation administrative appeal process works for state prisoners, there is no comparable body of law to consult for each county. County jail defendants usually must submit declarations and/or jail operations manuals to prove that an inmate appeal process exists as well as to prove the steps needed to exhaust an inmate appeal before the court can determine that a county jail inmate has not exhausted his administrative appeals.

to which it is entitled. The complaint adequately pleads § 1983 claims for retaliation.

For the foregoing reasons, defendants' motion to dismiss is DENIED. (Docket # 8.) The rejection of defendants' motion to dismiss merely addresses the question of the sufficiency of the pleading. Defendants are not foreclosed from filing a motion for summary judgment and/or an unenumerated Rule 12(b) motion (or a combined motion), at which time the court can consider evidence beyond the face of the complaint.

Plaintiff's motion to set a jury trial is DENIED as premature in that defendants' answer has not been filed and defendants may wish to file a further dispositive motion. (Docket # 13.

In light of the denial of the motion to dismiss and in order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.    No later than **September 29, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 3, 2006**.

    c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **November 17, 2006.**

IT IS SO ORDERED.

Dated: July 24, 2006

_____
SUSAN ILLSTON
United States District Judge